✦ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**21-A-1015**

**MAR 19, 2021 04:39 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

**IN THE STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

ARDISELL GASKINS;

    Plaintiff,

v.

GREAT WEST CASUALTY COMPANY,
CAROLINA TANK LINES, INC., a Rinchem
Company; and TRACI GRISSOM;

    Defendants.

CIVIL ACTION

FILE NO. _____

---

## COMPLAINT FOR DAMAGES

COMES NOW PLAINTIFF, by and through counsel of record, and files this Complaint for Damages showing this Honorable Court as follows:

1.

This is an action for personal injury damages arising out of a collision involving a tractor-trailer operated by Defendants CAROLINA TANK LINES, INC. (hereinafter "CAROLINA TANK LINES ") and its driver, TRACI GRISSOM, and Plaintiff's vehicle that occurred on Interstate 285  at or near its intersection with Paces Ferry Road on October 9, 2019 in Cobb County, Georgia.

### PARTIES, JURISDICTION, AND VENUE

2.

CAROLINA TANK LINES is a corporation.

3.

CAROLINA TANK LINES may be served with summons and complaint through the Georgia Non-Resident Motorist Statute.

**EXHIBIT "A"**

4.

The Federal Motor Carrier Safety Regulations require that every interstate motor carrier (of property or passengers) shall designate a process agent, upon whom court papers may be served in any legal proceeding brought against such motor carrier.  This designation shall be made for each State, in which the motor carrier is authorized to operate and for each State traversed during such operations. CAROLINA TANK LINES has designated Cody B Gillies, 5704 Veterans Parkway, Columbus, Georgia 31904 to be its designated agent of service of process in the State of Georgia.

5.

CAROLINA TANK LINES may be served with summons and complaint through the BOC-3 Designated Process Agent:  Cody B Gillies, 5704 Veterans Parkway, Columbus, Georgia 31904.

6.

Once served with process, CAROLINA TANK LINES is subject to the jurisdiction of this Court.

7.

CAROLINA TANK LINES was properly served with process in this civil action.

8.

CAROLINA TANK LINES was sufficiently served with process in this civil action.

9.

Venue in the above-styled civil action is proper in this County and Court as to CAROLINA TANK LINES.

10.

At all times material to this Complaint, CAROLINA TANK LINES was registered with the United States Department of Transportation's Federal Motor Carrier Safety Administration as a for-hire interstate motor carrier of property.

11.

At all times material to this Complaint, the United States Department of Transportation's Federal Motor Carrier Safety Administration ("FMCSA") assigned CAROLINA TANK LINES with USDOT No. 22657.

12.

At the time of the collision described in this Complaint, Defendant CAROLINA TANK LINES was registered with the FMCSA as an interstate motor carrier.

13.

At the time of the collision described in this Complaint, Defendant CAROLINA TANK LINES was registered with the FMCSA as an interstate motor carrier of property.

14.

At the time of the collision described in this Complaint, Defendant CAROLINA TANK LINES was registered with the FMCSA as an interstate motor carrier of hazardous materials.

15.

At the time of the collision described in this Complaint, Defendant CAROLINA TANK LINES was registered with the FMCSA as an interstate motor carrier and was operating a motor vehicle with a gross vehicle weight rating of 26,001 or more pounds.

16.

At all times material hereto, CAROLINA TANK LINES  was subject to the Federal Motor Carrier Safety Regulations and all subsequent amendments thereto, promulgated, approved, and adopted by the United States Department of Transportation ("USDOT") contained in Title 49 of the Code of Federal Regulations and as approved and/or as adopted by the State of Georgia.

17.

At all times material hereto, CAROLINA TANK LINES  was not permitted to operate a motor vehicle over the public roadways unless it as a motor carrier had obtained and had in effect the minimum levels of financial responsibility as set forth in 49 CFR § 387.9.

18.

At all times material hereto, CAROLINA TANK LINES was required 49 CFR § 387.9 to have in effect and did have in effect a policy of motor vehicle insurance with liability limits of at least $750,000.00.

19.

At all times material hereto, CAROLINA TANK LINES was required 49 CFR § 387.9 to have in effect and did have in effect a policy of motor vehicle insurance with liability limits of at least $750,000.00.

20.

At all times material hereto, CAROLINA TANK LINES was required 49 CFR § 387.9 to have in effect and did have in effect a policy of motor vehicle insurance with liability limits of at least $750,000.00 that was issued by Defendant GREAT WEST CASUALTY COMPANY.

21.

At the time of the collision described in this Complaint, defendant CAROLINA TANK LINES had automobile liability coverage for compensatory damages that were caused through the negligent operation of the commercial motor vehicle that defendant CAROLINA TANK LINES was operating at the time of the subject collision.

22.

The liability coverage for the collision described in this Complaint is being provided to defendant CAROLINA TANK LINES through a primary policy of insurance issued by GREAT WEST CASUALTY COMPANY, which provides coverage to defendant CAROLINA TANK LINES for compensatory damages, including bodily injury, that were caused through the negligent operation of the commercial motor vehicle that defendant CAROLINA TANK LINES was operating at the time of the subject collision.

23.

The liability coverage for the collision described in this Complaint is being provided to defendant CAROLINA TANK LINES  through a primary policy of insurance issued by GREAT WEST CASUALTY COMPANY and further identified as Policy Number MCP40373B, which provides coverage to defendant CAROLINA TANK LINES  for compensatory damages, including bodily injury, that were caused through the negligent operation of the commercial motor vehicle that defendant CAROLINA TANK LINES  was operating at the time of the subject collision.

24.

Defendant GREAT WEST CASUALTY COMPANY is subject to the jurisdiction of this Court and Plaintiff's claims for compensation for the negligence of its Co-defendant insured, pursuant to O.C.G.A. §§ 40-1-112 and/or 40–2–140 and Georgia law, because GREAT WEST CASUALTY COMPANY was the insurer providing primary liability coverage for the defendant motor carrier CAROLINA TANK LINES  at the time of the collision described in this Complaint.

25.

GREAT WEST CASUALTY COMPANY may be served with summons and complaint through its registered agent for service of process: Corporation Service Company, 40 Technology Pkwy South, #300, Norcross, GA 30092.

26.

Defendant GREAT WEST CASUALTY COMPANY does business and maintains an agent in Cobb County, Georgia.

27.

Defendant GREAT WEST CASUALTY COMPANY does business in Cobb County, Georgia through its multiple agents, including but not limited to the following: Lane Charles, 3115 Susan Court, Marietta, Georgia 30066-4307, and Edgar Patterson Hart, 114 Town Park Drive, NW, Suite 500, Kennesaw, Georgia 30144-5822.

28.

Defendant GREAT WEST CASUALTY COMPANY is subject to the jurisdiction and venue of this Court pursuant to O.C.G.A. § 9-10-91, known as Georgia's Long Arm Statute.

29.

Defendant GREAT WEST CASUALTY COMPANY may also be served pursuant to O.C.G.A. §§ 14-2-1510 and/or 33-4-3.

30.

Once served with process, GREAT WEST CASUALTY COMPANY is subject to the jurisdiction of this Court.

31.

GREAT WEST CASUALTY COMPANY was properly served with process in this civil action.

32.

GREAT WEST CASUALTY COMPANY was sufficiently served with process in this civil action.

33.

Venue in the above-styled civil action is proper as to GREAT WEST CASUALTY COMPANY in this County and Court.

34.

At the time of the collision described in this Complaint, TRACI GRISSOM was operating a tractor-trailer over the public roadways in Cobb County, Georgia.

35.

At the time of the collision described in this Complaint, Traci Grissom was operating a tractor-trailer owned by Defendant CAROLINA TANK LINES over the public roadways in Cobb County, Georgia.

36.

At the time of the collision described in this Complaint, TRACI GRISSOM was operating a tractor-trailer owned by Defendant CAROLINA TANK LINES over the public roadways in Cobb County, Georgia.

37.

At the time of the collision described in this Complaint, TRACI GRISSOM was operating a tractor-trailer with the permission of Defendant CAROLINA TANK LINES over the public roadways in Cobb County, Georgia.

38.

At the time of the collision described in this Complaint, TRACI GRISSOM was responsible for the safe and reasonable operation of a commercial motor vehicle over the public roadways within and throughout the State of Georgia.

39.

At all times material hereto, TRACI GRISSOM was subject to the Federal Motor Carrier Safety Regulations and all subsequent amendments thereto, promulgated, approved, and adopted by the United States Department of Transportation contained in Title 49 of the Code of Federal Regulations as approved and adopted by the State of Georgia.

40.

At the time of the collision described in this Complaint, Defendant TRACI GRISSOM was a permissive driver.

41.

At the time of the collision described in this Complaint, Defendant TRACI GRISSOM was a permissive driver and covered by a policy of automobile liability insurance.

42.

At the time of the collision described in this Complaint, Defendant TRACI GRISSOM was a permissive driver and covered by a policy of automobile liability issued by GREAT WEST CASUALTY COMPANY.

43.

Defendant TRACI GRISSOM resides at 2979 280th St., Branford, Florida 32008 and may be served with a copy of the summons and complaint at this address.

44.

Once served with process, TRACI GRISSOM is subject to the jurisdiction and venue of this Court.

45.

TRACI GRISSOM was properly served with process in this civil action.

46.

TRACI GRISSOM was sufficiently served with process in this civil action.

47.

Venue in the above-styled civil action is proper in this County and Court as to TRACI GRISSOM.

### FACTS

48.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

49.

On October 9, 2019, the Defendant TRACI GRISSOM was operating the tractor-trailer on I-285 at or near its intersection with Paces Ferry Road.

50.

On October 9, 2019, the Defendant TRACI GRISSOM was operating the tractor-trailer in the left lane of I-285 at or near its intersection with Paces Ferry Road.

51.

On October 9, 2019, the Defendant TRACI GRISSOM was operating the tractor-trailer in the far left lane of I-285 at or near its intersection with Paces Ferry Road.

52.

On October 9, 2019, the Defendant TRACI GRISSOM was operating the tractor-trailer on I-285 at or near its intersection with Paces Ferry Road and was travelling next to the Plaintiff's vehicle.

53.

On October 9, 2019, the Defendant TRACI GRISSOM did not see Plaintiff's vehicle in the lane next to her tractor-trailer.

54.

On October 9, 2019, the Defendant's tractor-trailer suddenly and without warning to Plaintiff entered into Plaintiffs' lane of travel.

55.

On October 9, 2019, the Defendant's tractor-trailer suddenly and without warning to Plaintiff entered into Plaintiffs' lane of travel and struck Plaintiff's vehicle.

56.

On October 9, 2019, suddenly and without warning to Plaintiff, the defendant TRACI GRISSOM drove her tractor-trailer into the driver side of Plaintiff's vehicle.

57.

On October 9, 2019, the Defendant TRACI GRISSOM's tractor-trailer struck Plaintiff's vehicle.

58.

Diagram No. 1 below is a not to scale diagram depicting the collision described in this Complaint.



I285 EXPY

Diagram No. 1

59.

Officer Dihigo investigated this collision described in this Complaint.

60.

Officer Dihigo concluded that the collision described in this Complaint was solely caused by Defendant TRACI GRISSOM.

61.

Defendant TRACI GRISSOM violated of O.C.G.A. § 40-6-123 at the time of the collision described in this Complaint, which caused the collision described in this Complaint.

62.

Defendant CAROLINA TANK LINES conducted its own investigation into the cause of the subject collision.

63.

Defendant CAROLINA TANK LINES concluded that Defendant TRACI GRISSOM violated of O.C.G.A. § 40-6-123 at the time of the collision described in this Complaint.

64.

Defendant CAROLINA TANK LINES concluded that Defendant TRACI GRISSOM violated of O.C.G.A. § 40-6-123 at the time of the collision described in this Complaint, which caused the collision described in this Complaint.

65.

Defendant CAROLINA TANK LINES concluded that Defendant TRACI GRISSOM was the sole cause of the subject collision.

66.

No act or failure to act on the part of any Plaintiff caused or contributed to the cause of the collision described in this Complaint.

67.

No act or failure to act on the part of any third party caused or contributed to the collision described in this Complaint.

68.

No act or failure to act on the part of any third party caused or contributed to the injuries suffered by Plaintiff in the collision described in this Complaint.

69.

No act or failure to act on the part of a Plaintiff caused or contributed to the cause of her claimed injuries.

70.

No act or failure to act on the part of any third party caused or contributed to the collision described in this Complaint.

71.

Plaintiff was an innocent victim of the collision described in this Complaint.

72.

The collision described in this Complaint caused Plaintiff to suffer injuries, losses, and damages.

73.

Defendant GREAT WEST CASUALTY COMPANY agrees that Defendants should fully and fairly compensate Plaintiff for all injuries, losses, and damages that Plaintiff proves were more likely than not caused by the collision described in this Complaint.

74.

Defendant CAROLINA TANK LINES agrees that Defendants should fully and fairly compensate Plaintiff for all injuries, losses, and damages that Plaintiff proves were more likely than not caused by the collision described in this Complaint.

75.

Defendant TRACI GRISSOM agrees that Defendants should fully and fairly compensate Plaintiff for all injuries, losses, and damages that Plaintiff proves were more likely than not caused by the collision described in this Complaint.

76.

Defendant TRACI GRISSOM was an employee of CAROLINA TANK LINES at the time of the collision described in this Complaint.

77.

Defendant TRACI GRISSOM was acting in the course and scope of his employment with Defendant CAROLINA TANK LINES at the time of the collision described in this Complaint.

78.

Defendant TRACI GRISSOM was an agent of CAROLINA TANK LINES at the time of the collision described in this Complaint.

79.

Defendant TRACI GRISSOM was acting in the course and scope of his agency with Defendant CAROLINA TANK LINES at the time of the collision described in this Complaint.

## COUNT I - LIABILITY OF DEFENDANT MOTOR CARRIER

## CAROLINA TANK LINES INC

80.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

81.

CAROLINA TANK LINES was the owner of the truck described in this Complaint.

82.

CAROLINA TANK LINES was the owner of the trailer described in this Complaint.

83.

CAROLINA TANK LINES was the motor carrier responsible for the hiring, training qualifying and supervising of all drivers operating its trucks, including for TRACI GRISSOM.

84.

CAROLINA TANK LINES negligent in the following ways:

a. Negligently inspecting the tractor-trailer that Defendant TRACI GRISSOM was operating at the time of the collision described in this Complaint;

b. Negligently maintaining the tractor-trailer that Defendant TRACI GRISSOM was operating at the time of the collision described in this Complaint;

c.      Negligently failing to keep the tractor-trailer that Defendant TRACI GRISSOM was operating at the time of the collision described in this Complaint in proper repair and working order;

d.      Negligently hiring or contracting with Defendant TRACI GRISSOM to drive the tractor-trailer at issue;

e.      Negligently training Defendant TRACI GRISSOM;

f.      Negligently entrusting Defendant TRACI GRISSOM to drive the tractor-trailer in a reasonably safe manner;

g.      Negligently retaining Defendant TRACI GRISSOM to drive the tractor-trailer at issue;

h.      Failing to supervise Defendant TRACI GRISSOM; and

i.      Otherwise failing to act as a reasonably prudent company under the circumstances.

85.

Defendant CAROLINA TANK LINES was also negligent *per se* in the cause of this collision by operating the subject tractor-trailer in violation of O.C.G.A. § 40-6-123.

86.

As a direct and proximate result of the negligence of Defendant motor carrier CAROLINA TANK LINES and its driver, TRACI GRISSOM, in the ensuing collision, Plaintiff's sustained injuries.

87.

Defendant motor carrier CAROLINA TANK LINES, and its driver, TRACI GRISSOM, are liable for all damages allowed by law for the injuries, damages, and losses sustained by Plaintiff as a result of the collision described in this Complaint.

## Count II:  *Respondent State* Liability of Defendant CAROLINA TANK LINES

## for Negligence of Its Driver TRACI GRISSOM

88.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

89.

At all relevant times, TRACI GRISSOM owed the following civil duties to Plaintiff but violated those duties in the following ways:

a.      Colliding into that was next to her;

b.      Failing to keep a proper lookout for traffic;

c.      Failing to make reasonable and proper observations while driving;

d.      Failing to drive at a reasonable and prudent speed under the conditions;

e.      Failing to drive at a reasonable distance;

f.      Failing to obey traffic laws; and

g.      Otherwise failing to act reasonably and prudently as a driver should under the circumstances.

90.

Defendant TRACI GRISSOM was also negligent *per se* in the cause of this collision.

91.

CAROLINA TANK LINES 's driver TRACI GRISSOM was also negligent *per se* in that he violated a number of laws and regulations governing his operation of a vehicle, including:

a.      Failure to Maintain Lane (O.C.G.A. § 40-6-48);

b.      Failing to Drive with Due Care (O.C.G.A. § 40-6-241);

c.      Failing to Obey Traffic Laws (O.C.G.A. § 40-6-1); and

d.      Failing to Turn Safely (O.C.G.A . §40-6-123).

92.

CAROLINA TANK LINES 's driver TRACI GRISSOM was also negligent *per se* in the cause of this collision by operating the subject tractor-trailer in violation of O.C.G.A. § 40-8-7.

93.

As a direct and proximate result of the negligence of Defendant TRACI GRISSOM, Plaintiff sustained injuries, losses and damages.

94.

Defendant CAROLINA TANK LINES is responsible and liable for the negligent acts of its driver, TRACI GRISSOM, under a theory of *respondeat superior* and control.

95.

As a direct and proximate result of the negligence and negligence *per se* of Defendant TRACI GRISSOM, Plaintiff incurred and is entitled to recover special damages, including, but not limited to, past and future medical expenses and past and future lost income, and other miscellaneous expenses, in an amount that will be proved at trial. Plaintiff is also entitled to recover for their general damages, including past and future pain and suffering and related damages.

### COUNT III: COMBINED AND CONCURRING LIABILITY FOR COMPENSATORY DAMAGES

96.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

97.

Defendant CAROLINA TANK LINES and/or its driver, TRACI GRISSOM, acted in a manner which either alone, and/or combined and concurring with the actions of the other such Defendant's acts of negligence described herein, directly and proximately caused the collision and Plaintiff's injuries, losses and damages.

98.

As a direct and proximate result of the negligence of Defendant CAROLINA TANK LINES and its driver, TRACI GRISSOM, Plaintiff was physically injured, have suffered, and will continue

to suffer pain, disability, loss of earning capacity, loss of enjoyment of life, anxiety, and related damages.

99.

As a direct and proximate result of the breaches of duty by Defendant CAROLINA TANK LINES and its driver, TRACI GRISSOM, Plaintiff is entitled to recover fair and full compensation for all injuries and damages that have been suffered as a proximate result of the collision and that will be suffered in the future as a result of the collision, including, without limitation, all special damages and compensatory damages, medical expenses, lost wages, and other necessary expenses, as well as fair and full compensation for all pain and suffering, including physical pain, mental and emotional suffering, shock of impact, disability, worry, anxiety, loss of enjoyment of life, loss of capacity to work, and other categories of damages provided for under the law.

100.

To the extent that a jury awards Plaintiff compensatory damages in this case, Defendant GREAT WEST CASUALTY COMPANY is liable to pay Plaintiff such jury award at ;east up to the limits provided by its automobile liability policy of insurance in effect at the time of the collision.

### COUNT IV:  LIABILITY OF DEFENDANT GREAT WEST CASUALTY COMPANY

101.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

102.

At the time of the collision described in this Complaint, Defendant GREAT WEST CASUALTY COMPANY provided primary, motor vehicle liability coverage to CAROLINA TANK LINES.

103.

At the time of the collision described in this Complaint, Defendant GREAT WEST CASUALTY COMPANY provided primary, motor vehicle liability coverage to CAROLINA TANK LINES and to its driver, Defendant TRACI GRISSOM.

104.

At the time of the collision described in this Complaint, in the event of a motor vehicle collision involving the CAROLINA TANK LINES motor vehicle that was involved in the subject collision, Defendant GREAT WEST CASUALTY COMPANY provided primary, motor vehicle liability coverage to CAROLINA TANK LINES and to its driver, Defendant TRACI GRISSOM.

105.

Defendant GREAT WEST CASUALTY COMPANY provided primary liability coverage to CAROLINA TANK LINES in the event of a motor vehicle collision involving the CAROLINA TANK LINES tractor-trailer that was involved in the subject collision, as well as to CAROLINA TANK LINES' employees and/or agents, including defendant TRACI GRISSOM.

106.

Plaintiff is a third-party beneficiary under said contract or policy of liability insurance.

107.

Plaintiff is entitled to receive payments from Defendant GREAT WEST CASUALTY COMPANY for the tort liability of Defendant CAROLINA TANK LINES and its driver, TRACI GRISSOM, in this civil action.

**WHEREFORE**, Plaintiff prays that the following relief be granted:

a)      A trial by jury;

b)      For Summons and Complaint to issue against each Defendant;

c)      For judgment against each Defendant to compensate Plaintiff for past and future

injuries, losses and damages;

d)      For judgment against each Defendant for attorneys' fees and expenses of

litigation;

e)      Court costs, discretionary costs, and prejudgment interest; and

f)      For all such further and general relief which this Court deems just and proper.


Dated this 19th day of March 2021.

WITHERITE LAW GROUP, LLC

/s/ R. Sean McEvoy

R. SEAN MCEVOY
GEORGIA STATE BAR NUMBER 490918
ATTORNEY FOR PLAINTIFF

600 WEST PEACHTREE STREET, NW, SUITE 740
ATLANTA, GA 30308
TELEPHONE:    470-480-7540
FACSIMILE:    470-480-5095
E-MAIL:       SEAN.MCEVOY@WITHERITELAW.COM

⊕ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**21-A-1015**

**MAR 19, 2021 04:39 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

**IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA**

ARDISELL GASKINS;

      Plaintiff,

v.

GREAT WEST CASUALTY COMPANY,
CAROLINA TANK LINES, INC.;
and TRACI GRISSOM;

      Defendants.

CIVIL ACTION

FILE NO. _____

---

### PLAINTIFF'S FIRST COMBINED SET OF WRITTEN DISCOVERY TO DEFENDANT TRUCK DRIVER TRACI GRISSOM SERVED WITH THE COMPLAINT

COMES NOW PLAINTIFF, by and through her counsel of record, and submits Plaintiff's First interrogatories, First Request for Admissions, and First Request for Production of Documents to Defendant TRACI GRISSOM, pursuant to the Georgia Civil Practice Act, for responses and production as provided by law.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.    The term "**Document**" as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording. The term includes material in all forms, including printed, written, recorded, or other. The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system, etc.). This term includes, but is not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules,

**PLAINTIFF'S FIRST COMBINED SET OF WRITTEN DISCOVERY TO DEFENDANT TRUCK DRIVER TRACI GRISSOM SERVED WITH THE COMPLAINT – Page 1**

circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings. Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.      "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.      (a)      "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

        (b)      "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4.      "**Subject Collision**" means the collision described in the Complaint.

5.      "**You**", "**Your**", or "**GRISSOM**" means Defendant TRACI GRISSOM.

6.      "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical." As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall

not mean "the same". If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

7.      The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope. The term "**and/or**" shall be construed likewise.

8.      Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope:  (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

9.      With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

## O.C.G.A. § 9-11-36 REQUESTS FOR ADMISSION

**REQUEST NO. 1**      TRACI GRISSOM is a proper party to this lawsuit.

**REQUEST NO. 2**      TRACI GRISSOM was properly identified in this case.

**REQUEST NO. 3**      At the time of the collision described in this Complaint, TRACI GRISSOM was operating a tractor-trailer over the public roadways in Cobb County, Georgia.

**REQUEST NO. 4**      At the time of the collision described in this Complaint, Traci Grissom was operating a tractor-trailer owned by Defendant CAROLINA TANK LINES over the public roadways in Cobb County, Georgia.

**REQUEST NO. 5**      At the time of the collision described in this Complaint, TRACI GRISSOM was operating a tractor-trailer owned by Defendant CAROLINA TANK LINES over the public roadways in Cobb County, Georgia.

**REQUEST NO. 6**      At the time of the collision described in this Complaint, TRACI GRISSOM was operating a tractor-trailer with the permission of Defendant CAROLINA TANK LINES over the public roadways in Cobb County, Georgia.

**REQUEST NO. 7**      At the time of the collision described in this Complaint, TRACI GRISSOM was responsible for the safe and reasonable operation of a commercial motor vehicle over the public roadways within and throughout the State of Georgia.

**REQUEST NO. 8**      At all times material hereto, TRACI GRISSOM was subject to the Federal Motor Carrier Safety Regulations and all subsequent amendments thereto, promulgated, approved, and adopted by the United States Department of Transportation contained in Title 49 of the Code of Federal Regulations as approved and adopted by the State of Georgia.

**REQUEST NO. 9**      At the time of the collision described in this Complaint, Defendant TRACI GRISSOM was a permissive driver.

**REQUEST NO. 10**      At the time of the collision described in this Complaint, Defendant TRACI GRISSOM was a permissive driver and covered by a policy of automobile liability insurance.

**REQUEST NO. 11**      At the time of the collision described in this Complaint, Defendant TRACI GRISSOM was a permissive driver and covered by a policy of automobile liability issued by GREAT WEST CASUALTY COMPANY.

**REQUEST NO. 12**      Defendant TRACI GRISSOM resides at 2979 280th St., Branford, Florida 32008 and may be served with a copy of the summons and complaint at this address.

**REQUEST NO. 13**      Once served with process, TRACI GRISSOM is subject to the jurisdiction and venue of this Court.

**REQUEST NO. 14**      TRACI GRISSOM was properly served with process in this civil action.

**REQUEST NO. 15**      TRACI GRISSOM was sufficiently served with process in this civil action.

**REQUEST NO. 16**      Venue in the above-styled civil action is proper in this County and Court as to TRACI GRISSOM.

**REQUEST NO. 17**    On October 9, 2019, the Defendant TRACI GRISSOM was operating the tractor-trailer on I-285 at or near its intersection with Paces Ferry Road.

**REQUEST NO. 18**    On October 9, 2019, the Defendant TRACI GRISSOM was operating the tractor-trailer in the left lane of I-285 at or near its intersection with Paces Ferry Road.

**REQUEST NO. 19**    On October 9, 2019, the Defendant TRACI GRISSOM was operating the tractor-trailer in the far left lane of I-285 at or near its intersection with Paces Ferry Road.

**REQUEST NO. 20**    On October 9, 2019, the Defendant TRACI GRISSOM was operating the tractor-trailer on I-285 at or near its intersection with Paces Ferry Road and was travelling next to the Plaintiff's vehicle.

**REQUEST NO. 21**    On October 9, 2019, the Defendant TRACI GRISSOM did not see Plaintiff's vehicle in the lane next to her tractor-trailer.

**REQUEST NO. 22**    On October 9, 2019, the Defendant's tractor-trailer suddenly and without warning to Plaintiff entered into Plaintiffs' lane of travel.

**REQUEST NO. 23**    On October 9, 2019, the Defendant's tractor-trailer suddenly and without warning to Plaintiff entered into Plaintiffs' lane of travel and struck Plaintiff's vehicle.

**REQUEST NO. 24**    On October 9, 2019, suddenly and without warning to Plaintiff, the defendant TRACI GRISSOM drove her tractor-trailer into the driver side of Plaintiff's vehicle.

**REQUEST NO. 25**    On October 9, 2019, the Defendant TRACI GRISSOM's tractor-trailer struck Plaintiff's vehicle.

**REQUEST NO. 26**    Diagram No. 1 below is a not to scale diagram depicting the collision described in this Complaint.



I285 EXPY

Diagram No. 1

**REQUEST NO. 27**    Officer Dihigo investigated this collision described in this Complaint.

**REQUEST NO. 28**    Officer Dihigo concluded that the collision described in this Complaint was solely caused by Defendant TRACI GRISSOM.

**REQUEST NO. 29**    Defendant TRACI GRISSOM violated of O.C.G.A. § 40-6-123 at the time of the collision described in this Complaint, which caused the collision described in this Complaint.

**REQUEST NO. 30**    Defendant CAROLINA TANK LINES conducted its own investigation into the cause of the subject collision.

**REQUEST NO. 31**    Defendant CAROLINA TANK LINES concluded that Defendant TRACI GRISSOM violated of O.C.G.A. § 40-6-123 at the time of the collision described in this Complaint.

**REQUEST NO. 32**     Defendant CAROLINA TANK LINES concluded that Defendant TRACI GRISSOM violated of O.C.G.A. § 40-6-123 at the time of the collision described in this Complaint, which caused the collision described in this Complaint.

**REQUEST NO. 33**     Defendant CAROLINA TANK LINES concluded that Defendant TRACI GRISSOM was the sole cause of the subject collision.

**REQUEST NO. 34**     No act or failure to act on the part of any Plaintiff caused or contributed to the cause of the collision described in this Complaint.

**REQUEST NO. 35**     No act or failure to act on the part of any third party caused or contributed to the collision described in this Complaint.

**REQUEST NO. 36**     No act or failure to act on the part of any third party caused or contributed to the injuries suffered by Plaintiff in the collision described in this Complaint.

**REQUEST NO. 37**     No act or failure to act on the part of a Plaintiff caused or contributed to the cause of her claimed injuries.

**REQUEST NO. 38**     No act or failure to act on the part of any third party caused or contributed to the collision described in this Complaint.

**REQUEST NO. 39**     Plaintiff was an innocent victim of the collision described in this Complaint.

**REQUEST NO. 40**     The collision described in this Complaint caused Plaintiff to suffer injuries, losses, and damages.

**REQUEST NO. 41**     Defendant TRACI GRISSOM agrees that Defendants should fully and fairly compensate Plaintiff for all injuries, losses, and damages that Plaintiff proves were more likely than not caused by the collision described in this Complaint.

**REQUEST NO. 42**     Defendant TRACI GRISSOM was an employee of CAROLINA TANK LINES at the time of the collision described in this Complaint.

**REQUEST NO. 43**     Defendant TRACI GRISSOM was acting in the course and scope of his employment with Defendant CAROLINA TANK LINES at the time of the collision described in this Complaint.

**REQUEST NO. 44**     Defendant TRACI GRISSOM was an agent of CAROLINA TANK LINES at the time of the collision described in this Complaint.

**REQUEST NO. 45**     Defendant TRACI GRISSOM was acting in the course and scope of his agency with Defendant CAROLINA TANK LINES at the time of the collision described in this Complaint.

**REQUEST NO. 46**     GRISSOM gave a recorded statement to one (1) or more insurance companies that provided liability coverage for the truck that GRISSOM was driving at the time of the Subject Collision.

**REQUEST NO. 47**     GRISSOM had a mobile cellular device present inside his vehicle at the time of the Subject Collision.

**REQUEST NO. 48**     GRISSOM had more than one (1) mobile cellular device was present inside his truck at the time of the Subject Collision.

**REQUEST NO. 49**     GRISSOM was using at least one (1) mobile cellular device in his truck at the time of the Subject Collision.

**REQUEST NO. 50**     GRISSOM was using more than one (1) mobile cellular device inside his truck at the time of the Subject Collision.

**REQUEST NO. 51**     While at the scene of the collision, GRISSOM conversed with at least one (1) person about what had happened before, during, and/or after the Subject Collision using a mobile cellular device.

**REQUEST NO. 52**     While at the scene of the collision, GRISSOM texted at least one (1) person about what had happened before, during, and/or after the Subject Collision using a mobile cellular device.

**REQUEST NO. 53**     While at the scene of the collision, GRISSOM had a cellular mobile device or a camera that he could have used to take pictures of the scene of the Subject Collision, the vehicles involved, and/or the persons involved.

**REQUEST NO. 54**     While at the scene of the collision, GRISSOM took at least one (1) photograph of the scene of the Subject Collision, the vehicles involved, and/or the persons involved using a mobile cellular device.

**REQUEST NO. 55**     While at the scene of the collision, GRISSOM took video recording(s) using a mobile cellular device of the scene of the Subject Collision, the vehicles involved, and/or the persons involved.

**REQUEST NO. 56**     While at the scene of the collision, GRISSOM took audio recording(s) of the scene of the Subject Collision, the vehicles involved, and/or the persons involved using a mobile cellular device.

### O.C.G.A. § 9-11-33 INTERROGATORIES

#### YOUR BACKGROUND INFORMATION

**INTERROGATORY NO. 1**     State your full name, date and place of birth, and social security number. If you have ever been known by any name(s) other than the one you identify, please state each such name and for each such name explain when you were known by that name, whether you had a separate social security number and/or driver's license in that name, and explain why you changed names or went by more than one (1) name.

**INTERROGATORY NO. 2**     For each driver's license you have had in the past seven (7) years, identify the state of issue, the date of issue, the number, and whether or not it was a commercial driver's license.

**INTERROGATORY NO. 3**     Identify each address where you have lived in the past ten (10) years and provide the dates when you lived at each address.

**INTERROGATORY NO. 4**     For each place you have worked (as an employee, independent contractor, leased driver, or otherwise) in the past fifteen (15) years, provide the following information: name of entity or person for whom you worked; address; dates you worked there; job position; supervisor's name; and the reason you left.

**INTERROGATORY NO. 5**   If you have won any awards, been given special recognitions, and/or there are any accomplishments and/or achievements you are particularly proud of, please explain them and provide the date and location for them.

**INTERROGATORY NO. 6**   Identify all motor vehicle collisions that you have been involved in during the past fifteen (15) years and for each collision, describe what happened; where the collision occurred; the names of the other individuals involved; who was at fault; and whether there were any injuries.

**INTERROGATORY NO. 7**   If you have been arrested, charged, warned, and/or cited for any violation of any ordinance, law, and/or regulation in the past ten (10) years or if you have ever been convicted at any time of a felony, for each arrest/charge/warning/citation/conviction, identify the charge, jurisdiction, date, and disposition. This includes all traffic violations, licensing violations, vehicle and/or driver inspection violations, and all violations of any criminal code and law.

**INTERROGATORY NO. 8**   If you have ever been disqualified from driving a motor vehicle, please describe when and under what circumstances you were disqualified.

**INTERROGATORY NO. 9**   Have you had any medical condition in the past five (5) years that could affect your ability to operate a motor vehicle (including without limitation any condition affecting vision, hearing, high or low blood pressure, epilepsy, sleep issues, diabetes, nervous system issues, endocrine system issues, motor skill issues, issues with sensory abilities, sleep apnea, etc.)? If so, describe in detail each condition, who has treated you for the condition, and the nature and dates of these treatments.

**INTERROGATORY NO. 10**   Have you ever been involved in any lawsuit other than the present one (excluding domestic cases)? If so, explain whether you were a plaintiff, defendant, or witness and identify the style, jurisdiction, date, and nature of the lawsuit.

**INTERROGATORY NO. 11**   Identify all training you have received in connection with operating a commercial motor vehicle, including courses taken to obtain your driver's license and training received since obtaining your driver's license.

### INSURANCE

**INTERROGATORY NO. 12**   For each liability insurance policy of any kind that does or may provide any coverage on behalf of any defendant (whether it is your policy or anyone else's policy) for damages/injuries alleged in this case and/or that is providing you a defense, provide: name of insurer; policy number; limits of coverage; the name(s) of all insureds; and state whether any insurer has offered a defense under a reservation of rights or otherwise contested coverage for the subject case.

### SUBJECT COLLISION

**INTERROGATORY NO. 13**   Have you communicated with any person (other than your attorneys) in any way regarding the Subject Collision at any time including but not limited to giving any prepared statement or account of the events? If so, provide the details of any such communications, statements, and accounts by explaining when, where, in what form, to whom the statement or account was given, and the substance of your communication, statement, or account.

**INTERROGATORY NO. 14**   Identify all person(s) who you to your knowledge have or may have any personal knowledge or information regarding: the Subject Collision; the facts leading up to the Subject Collision; the investigation of the Subject Collision; any party to this action; any vehicles involved in the Subject Collision; and/or any other Collisions, claims, or defenses raised in this action. The purpose of this Interrogatory is to identify all witnesses you believe may have relevant testimony of any kind in connection with this case.

**INTERROGATORY NO. 15**   If you maintain that either plaintiff or anyone else not a party to this lawsuit has any responsibility of any kind for causing the Subject Collision, and/or for causing any of the damages alleged in the Complaint for Damages, describe in detail the basis for their responsibility and identify all person(s) who have any knowledge regarding this issue.

**INTERROGATORY NO. 16**   If you consumed any alcoholic beverage, sedative, tranquilizer, stimulant, and/or other prescription and/or over-the-counter drug or medicine (whether legal or

not) during the twenty-four (24) hour period <u>immediately before</u> the Subject Collision, identify the substance consumed,  the amount consumed, the time and place of consumption, and the purpose for the consumption.

<u>MISCELLANEOUS</u>

**INTERROGATORY NO. 17**   Please identify all mechanical defects in your truck that caused in whole or in part your driver to lose control of the truck and/or the collision described in the Complaint, as well as all documents evidencing the existence of such defect(s) and/or the repair of such defects.

**INTERROGATORY NO. 18**   Please identify all person(s) who have any knowledge or information concerning the inspection, maintenance and repair of the truck involved in the collision described in the Complaint, as well as all documents evidencing inspections, maintenance and repair of the subject truck.

**INTERROGATORY NO. 19**   Provide your mobile phone carrier(s) and mobile phone number(s) existing at the time of the Subject Collision, and with respect to all of the phone calls you made on your cell phone on the date of the Subject Collision, please state: the time each call was placed; the time each call ended; the person or persons with whom you spoke on each call; the phone number of the person or persons with whom you spoke with on each call; the purpose for each call; and whether you were operating the truck involved in the Subject Collision at any time during each call.

**INTERROGATORY NO. 20**   With respect to the deliveries/trips that you were scheduled to make on the day of the Subject Collision, please identify: the name and address of the delivery/trip location(s); what was to be delivered; and the time the load was to be delivered or the trip was to be completed.

**INTERROGATORY NO. 21**   Explain in detail where you were and what you were doing during the twenty-four (24) hours <u>immediately prior to</u> and the twenty-four (24) hours <u>immediately following</u> the Subject Collision. Identify all documents that evidence your response and all people who can

substantiate your response.

**INTERROGATORY NO. 22**   Identify each person you expect to call as an expert witness at trial including in your response a summary of each opinion the expert holds in regards to this case, the factual basis for each such opinion, a list of all documents and evidence of any kind provided to the expert for review, and a list of all documents and evidence of any kind that support each opinion.

**INTERROGATORY NO. 23**   For each of Plaintiff's First Request for Admissions addressed to you that you did not admit without qualification, state the factual support for your denial and otherwise explain in detail the reason for your refusal to admit and identify all persons and documents that support the factual basis for your response.

**INTERROGATORY NO. 24**   For each of factual allegation made in plaintiff's Complaint that you denied, state the factual support for your denial and otherwise explain in detail the reason for your refusal to admit, and identify all persons and documents that support the factual basis for your denial.

## O.C.G.A. § 9-11-34 DOCUMENT REQUESTS

### GENERAL

**REQUEST NO. 1:**   All documents utilized by you in any way in responding to Plaintiff's First Interrogatories to Defendant Driver GRISSOM.

**REQUEST NO. 2:**   Each liability insurance policy (and declarations page for each policy) that provides or may provide coverage for damages sustained in the Subject Collision and/or if coverage was in dispute that was in place at the time of the Subject Collision.

**REQUEST NO. 3:**   A copy of each automobile insurance policy that you had in place at the time of the Subject Collision, which provided liability coverage for the operation of the truck that was involved in the Subject Collision.

**REQUEST NO. 4:**    All documents that you have exchanged with any insurance company evidencing the Subject Collision.

**REQUEST NO. 5:**     All documents that you have exchanged with any insurance company evidencing a lack of coverage for the Subject Collision.

**REQUEST NO. 6:**     All reservation of rights letters and/or agreements regarding insurance coverage for the claims asserted against you arising from the Subject Collision.

**REQUEST NO. 7:**     All documents directly or indirectly provided to and received from any insurance company regarding your driving history, criminal history, claims history, training, and qualification to drive and/or your insurability for motor vehicle operations.

**REQUEST NO. 8:**     All documents and driver training and/or defensive driving resources provided or made available to you directly or indirectly by any insurance company.

### Your Information

**REQUEST NO. 9:**      All documents setting forth the relationship between you and Defendant CAROLINA TANK LINES. This includes, but is not limited to, all leases, employment contracts, and independent contract agreements and other contracts, agreements, memorandum, and the like.

**REQUEST NO. 10:**    All payroll records from any source during the sixty (60) days before and after the Subject Collision.

**REQUEST NO. 11:**    All documents in your possession that relate to your qualification to operate a commercial motor vehicle and to drive defensively.

**REQUEST NO. 12:**    All documents that relate in any way to your training to operate a commercial motor vehicle and to drive defensively.

**REQUEST NO. 13:**    A copy of the front and back of every driver's license issued to you (regardless of name used) in your possession, custody, and/or control.

**REQUEST NO. 14:**    Copies of all citations, warnings, and other documents alleging that you violated any law, ordinance, and/or regulation in the last five (5) years.

**REQUEST NO. 15:**    All documents of any kind that relate to any action (formal or informal) by any supervisor or manager or anyone working by or on behalf of Defendant CAROLINA TANK LINES directed to you for the purpose of teaching, counseling, disciplining, correcting, or otherwise managing you in any way relating to the safe operation of a commercial vehicle.

**REQUEST NO. 16:**    All documents relating in any way to any motor vehicle collision and/or accident of any kind in which you were involved in the past five (5) years.

**REQUEST NO. 17:**    All documents relating to any complaint, criticism, or concern raised by any person or entity regarding your driving performance and/or safety. This should include, but is not limited to, customer complaints and call-ins by motorists either to a company directly or to any service (i.e., How's My Driving?  Call 800…).

**REQUEST NO. 18:**    For each communication device (e.g., cell phones, PDAs, smartphones, texting, and e-mailing devices, etc.) that was in the truck that you were operating at the time of the Subject Collision, produce all documents reflecting usage and billing for the time period time period beginning twenty-four (24) hours before the Subject Collision and ending twenty-four (24) hours after the Subject Collision. This includes all devices, whether owned by you or not, and whether it was in use at the time of the Subject Collision or not.

**REQUEST NO. 19:**    All of your personnel files and employment-related files in your possession.

**REQUEST NO. 20:**    All correspondence and other communication of any kind between you and any third-party (other than your attorneys) evidencing to the Subject Collision.

<u>**SUBJECT COLLISION**</u>

**REQUEST NO. 21:**    All documents in your possession, custody, and/or control relating in any way to the Subject Collision.

**REQUEST NO. 22:**    All documents sent by you to any person or entity (other than your attorneys), regarding the Subject Collision and/or describing the Subject Collision.

**REQUEST NO. 23:**

**PLAINTIFF'S FIRST COMBINED SET OF WRITTEN DISCOVERY TO DEFENDANT TRUCK DRIVER TRACI GRISSOM SERVED WITH THE COMPLAINT – Page 15**

**REQUEST NO. 24:**    All documents evidencing each investigation done by or on behalf of defendant evidencing to the Subject Collision of the Subject Collision.

**REQUEST NO. 25:**    All documents that set forth any facts leading up to the Subject Collision.

**REQUEST NO. 26:**    All documents that explain what caused the Subject Collision.

**REQUEST NO. 27:**    All documents assessing preventability of and/or fault for the Subject Collision, as well as any documents created by any accident review board or other accident review process.

**REQUEST NO. 28:**    All photographs, video, computer simulations, and any other documents depicting:

      a.      Any vehicle involved in the Subject Collision;

      b.      Any person involved in the Subject Collision;

      c.      The scene of the Subject Collision; and/or

      d.      Any evidence (roadway markings or other) relevant to the Subject Collision.

**REQUEST NO. 29:**    All reports relating to the Subject Collision in your possession, custody, and/or control.

**REQUEST NO. 30:**    All correspondence and other communications (including e-mail) that you have had with any person other than your lawyers involving the Subject Collision.

**REQUEST NO. 31:**    All tapes and transcripts of conversations, interviews, statements, etc. of any witness, party, or any other entity whatsoever regarding any aspect of the Subject Collision, the injuries or damages resulting therefrom, or this lawsuit.

**REQUEST NO. 32:**    All documents evidencing the existence inspections, repairs and maintenance of the subject truck.

**REQUEST NO. 33:**    All documents evidencing the existence of any defect(s) in the truck existing at the time of the Subject Collision.

**REQUEST NO. 34:**    All documents evidencing the repair of defects in the truck existing at the time of the Subject Collision the repair of such defects.

<u>**G**ODVERNMENTAL **C**ONTACT AND **I**NTERVENTION</u>

**REQUEST NO. 35:**    Copies of all documents sent to or received from any governmental agency regarding the Subject Collision and/or your operation of a commercial motor vehicle within the past three (3) years.

<u>**P**OLICIES AND **P**ROCEDURES</u>

**REQUEST NO. 36:**    All handbooks and manuals provided to you by Defendant CAROLINA TANK LINES that were in effect at the time of the Subject Collision, involving defensive and safe driving practices.

**REQUEST NO. 37:**    All policies, procedures, rules, guidelines, directives, and instructions ever given to you by Defendant CAROLINA TANK LINES, involving defensive and safe driving practices.

<u>**M**ISCELLANEOUS</u>

**REQUEST NO. 34:**    All documents and other materials, which support any contention that the Subject Collision was the fault of anyone other than the defendants.

**REQUEST NO. 35:**    All diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically created charts, animations, or data that depict the scene or surrounding areas of the Subject Collision or that recreate, explain, or show how the Subject Collision may have occurred.

**REQUEST NO. 36:**    All documents and things that you contend evidence, prove, and/or support your affirmative defenses and claims on any issue of negligence or causation or damages in this matter.

**REQUEST NO. 37:**    If any surveillance has been undertaken by or on behalf of you, produce a copy of all reports, photographs, video, and anything else generated through that investigation.

Served with the Complaint upon all Defendants.

WITHERITE LAW GROUP, LLC

/s/ R. Sean McEvoy
R. SEAN MCEVOY
GEORGIA STATE BAR NUMBER 490918
*ATTORNEY FOR PLAINTIFF*

600 W. PEACHTREE ST., NW, SUITE 740
ATLANTA, GEORGIA 30308
TELEPHONE:      470-480-7540
FACSIMILE:      470-480-5095
E-MAIL:         sean.mcevoy@witheritelaw.com

EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**21-A-1015**

**MAR 19, 2021 04:39 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

ARDISELL GASKINS;

     Plaintiff,

     v.

GREAT WEST CASUALTY COMPANY,
CAROLINA TANK LINES, INC.;
and TRACI GRISSOM;

     Defendants.

CIVIL ACTION

FILE NO. _____

---

### PLAINTIFF'S FIRST COMBINED INTERROGATORIES
### AND REQUESTS FOR ADMISSIONS SERVED WITH THE COMPLAINT
### <u>TO DEFENDANT CAROLINA TANK LINES, INC.</u>

COME NOW Plaintiff in the above-captioned lawsuit and pursuant to O.C.G.A. §§ 9-11-33 and 9-11-36 hereby propound the following Interrogatories and Requests for Admissions to Defendant CAROLINA TANK LINES, INC. (hereinafter "CAROLINA TANK LINES") for response under oath to the subject interrogatories, pursuant to Rule 33 of the Georgia Civil Practice Act, and as required by law.

### <u>DEFINITIONS</u>

As used herein, the terms listed below are defined as follows:

1. The term "**<u>Document</u>**" as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording.  The term includes material in all forms, including printed, written, recorded, or other.  The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system, etc.).  This term includes, but is not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books,

orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings.  Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2. "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3. (a) "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b) "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4. "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical."  As used

here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same".  If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

5.    The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope.  The term "**and/or**" shall be construed likewise.

6.    Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope:  (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

7.    With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

8.    "**Subject Collision**" means the collision described in the Complaint.

9.    "**CAROLINA TANK LINES**," "**You**", "**Your**," or "**Yours**" means Defendant CAROLINA TANK LINES INC.

10.    "**GRISSOM**" as used herein refers to and means Defendant Driver TRACI GRISSOM.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1**      CAROLINA TANK LINES was the owner of the truck that was involved in the Subject Collision.

**REQUEST NO. 2**      At the time of the Subject Collision, TRACI GRISSOM was operating the truck as trained by CAROLINA TANK LINES.

**REQUEST NO. 3**      CAROLINA TANK LINES' corporate name was properly stated in the Complaint.

**REQUEST NO. 4**      Venue is proper in this Court.

**REQUEST NO. 5**      Jurisdiction is proper in this Court.

**REQUEST NO. 6**      Service of process upon CAROLINA TANK LINES in this civil action was proper.

**REQUEST NO. 7**      Service of process upon CAROLINA TANK LINES in this civil action was legally sufficient.

**REQUEST NO. 8**      At the time of the collision described in this Complaint, TRACI GRISSOM was operating a tractor-trailer over the public roadways in Cobb County, Georgia.

**REQUEST NO. 9**      At the time of the collision described in this Complaint, Traci Grissom was operating a tractor-trailer owned by Defendant CAROLINA TANK LINES over the public roadways in Cobb County, Georgia.

**REQUEST NO. 10**      At the time of the collision described in this Complaint, TRACI GRISSOM was operating a tractor-trailer owned by Defendant CAROLINA TANK LINES over the public roadways in Cobb County, Georgia.

**REQUEST NO. 11**      At the time of the collision described in this Complaint, TRACI GRISSOM was operating a tractor-trailer with the permission of Defendant CAROLINA TANK LINES over the public roadways in Cobb County, Georgia.

**REQUEST NO. 12**     At the time of the collision described in this Complaint, TRACI GRISSOM was responsible for the safe and reasonable operation of a commercial motor vehicle over the public roadways within and throughout the State of Georgia.

**REQUEST NO. 13**     At all times material hereto, TRACI GRISSOM was subject to the Federal Motor Carrier Safety Regulations and all subsequent amendments thereto, promulgated, approved, and adopted by the United States Department of Transportation contained in Title 49 of the Code of Federal Regulations as approved and adopted by the State of Georgia.

**REQUEST NO. 14**     At the time of the collision described in this Complaint, Defendant TRACI GRISSOM was a permissive driver.

**REQUEST NO. 15**     At the time of the collision described in this Complaint, Defendant TRACI GRISSOM was a permissive driver and covered by a policy of automobile liability insurance.

**REQUEST NO. 16**     At the time of the collision described in this Complaint, Defendant TRACI GRISSOM was a permissive driver and covered by a policy of automobile liability issued by GREAT WEST CASUALTY COMPANY.

**REQUEST NO. 17**     Defendant TRACI GRISSOM resides at 2979 280th St., Branford, Florida 32008 and may be served with a copy of the summons and complaint at this address.

**REQUEST NO. 18**     Once served with process, TRACI GRISSOM is subject to the jurisdiction and venue of this Court.

**REQUEST NO. 19**     TRACI GRISSOM was properly served with process in this civil action.

**REQUEST NO. 20**     TRACI GRISSOM was sufficiently served with process in this civil action.

**REQUEST NO. 21**     Venue in the above-styled civil action is proper in this County and Court as to TRACI GRISSOM.

**REQUEST NO. 22**     On October 9, 2019, the Defendant TRACI GRISSOM was operating the tractor-trailer on I-285 at or near its intersection with Paces Ferry Road.

**REQUEST NO. 23**    On October 9, 2019, the Defendant TRACI GRISSOM was operating the tractor-trailer in the left lane of I-285 at or near its intersection with Paces Ferry Road.

**REQUEST NO. 24**    On October 9, 2019, the Defendant TRACI GRISSOM was operating the tractor-trailer in the far left lane of I-285 at or near its intersection with Paces Ferry Road.

**REQUEST NO. 25**    On October 9, 2019, the Defendant TRACI GRISSOM was operating the tractor-trailer on I-285 at or near its intersection with Paces Ferry Road and was travelling next to the Plaintiff's vehicle.

**REQUEST NO. 26**    On October 9, 2019, the Defendant TRACI GRISSOM did not see Plaintiff's vehicle in the lane next to her tractor-trailer.

**REQUEST NO. 27**    On October 9, 2019, the Defendant's tractor-trailer suddenly and without warning to Plaintiff entered into Plaintiffs' lane of travel.

**REQUEST NO. 28**    On October 9, 2019, the Defendant's tractor-trailer suddenly and without warning to Plaintiff entered into Plaintiffs' lane of travel and struck Plaintiff's vehicle.

**REQUEST NO. 29**    On October 9, 2019, suddenly and without warning to Plaintiff, the defendant TRACI GRISSOM drove her tractor-trailer into the driver side of Plaintiff's vehicle.

**REQUEST NO. 30**    On October 9, 2019, the Defendant TRACI GRISSOM's tractor-trailer struck Plaintiff's vehicle.

**REQUEST NO. 31**     Diagram No. 1 below is a not to scale diagram depicting the collision described in this Complaint.



Diagram No. 1

**REQUEST NO. 32**     Officer Dihigo investigated this collision described in this Complaint.

**REQUEST NO. 33**     Officer Dihigo concluded that the collision described in this Complaint was solely caused by Defendant TRACI GRISSOM.

**REQUEST NO. 34**     Defendant TRACI GRISSOM violated of O.C.G.A. § 40-6-123 at the time of the collision described in this Complaint, which caused the collision described in this Complaint.

**REQUEST NO. 35**     Defendant CAROLINA TANK LINES conducted its own investigation into the cause of the subject collision.

**REQUEST NO. 36**    Defendant CAROLINA TANK LINES concluded that Defendant TRACI GRISSOM violated of O.C.G.A. § 40-6-123 at the time of the collision described in this Complaint.

**REQUEST NO. 37**    Defendant CAROLINA TANK LINES concluded that Defendant TRACI GRISSOM violated of O.C.G.A. § 40-6-123 at the time of the collision described in this Complaint, which caused the collision described in this Complaint.

**REQUEST NO. 38**    Defendant CAROLINA TANK LINES concluded that Defendant TRACI GRISSOM was the sole cause of the subject collision.

**REQUEST NO. 39**    No act or failure to act on the part of any Plaintiff caused or contributed to the cause of the collision described in this Complaint.

**REQUEST NO. 40**    No act or failure to act on the part of any third party caused or contributed to the collision described in this Complaint.

**REQUEST NO. 41**    No act or failure to act on the part of any third party caused or contributed to the injuries suffered by Plaintiff in the collision described in this Complaint.

**REQUEST NO. 42**    No act or failure to act on the part of a Plaintiff caused or contributed to the cause of her claimed injuries.

**REQUEST NO. 43**    No act or failure to act on the part of any third party caused or contributed to the collision described in this Complaint.

**REQUEST NO. 44**    Plaintiff was an innocent victim of the collision described in this Complaint.

**REQUEST NO. 45**    The collision described in this Complaint caused Plaintiff to suffer injuries, losses, and damages.

**REQUEST NO. 46**    Defendant CAROLINA TANK LINES agrees that Defendants should fully and fairly compensate Plaintiff for all injuries, losses, and damages that Plaintiff proves were more likely than not caused by the collision described in this Complaint.

**REQUEST NO. 47**    Defendant TRACI GRISSOM was an employee of CAROLINA TANK LINES at the time of the collision described in this Complaint.

**REQUEST NO. 48**    Defendant TRACI GRISSOM was acting in the course and scope of his employment with Defendant CAROLINA TANK LINES at the time of the collision described in this Complaint.

**REQUEST NO. 49**    Defendant TRACI GRISSOM was an agent of CAROLINA TANK LINES at the time of the collision described in this Complaint.

**REQUEST NO. 50**    Defendant TRACI GRISSOM was acting in the course and scope of his agency with Defendant CAROLINA TANK LINES at the time of the collision described in this Complaint.

**REQUEST NO. 51**    GRISSOM gave a recorded statement to one (1) or more insurance companies that provided liability coverage for the truck that GRISSOM was driving at the time of the Subject Collision.

**REQUEST NO. 52**    GRISSOM had a mobile cellular device present inside his vehicle at the time of the Subject Collision.

**REQUEST NO. 53**    GRISSOM had more than one (1) mobile cellular device was present inside his truck at the time of the Subject Collision.

**REQUEST NO. 54**    GRISSOM was using at least one (1) mobile cellular device in his truck at the time of the Subject Collision.

**REQUEST NO. 55**    GRISSOM was using more than one (1) mobile cellular device inside his truck at the time of the Subject Collision.

**REQUEST NO. 56**    While at the scene of the collision, GRISSOM conversed with at least one (1) person about what had happened before, during, and/or after the Subject Collision using a mobile cellular device.

**REQUEST NO. 57**      While at the scene of the collision, GRISSOM texted at least one (1) person about what had happened before, during, and/or after the Subject Collision using a mobile cellular device.

**REQUEST NO. 58**      While at the scene of the collision, GRISSOM had a cellular mobile device or a camera that he could have used to take pictures of the scene of the Subject Collision, the vehicles involved, and/or the persons involved.

**REQUEST NO. 59**      While at the scene of the collision, GRISSOM took at least one (1) photograph of the scene of the Subject Collision, the vehicles involved, and/or the persons involved using a mobile cellular device.

**REQUEST NO. 60**      While at the scene of the collision, GRISSOM took video recording(s) using a mobile cellular device of the scene of the Subject Collision, the vehicles involved, and/or the persons involved.

**REQUEST NO. 61**      While at the scene of the collision, GRISSOM took audio recording(s) of the scene of the Subject Collision, the vehicles involved, and/or the persons involved using a mobile cellular device.

## <u>INTERROGATORIES</u>

**INTERROGATORY NO. 1**      If you contend that plaintiff has sued the wrong party or that your name is incorrectly stated in this lawsuit, please explain the basis for your contention and identify the correct legal entity for the correct party in interest to this suit.

**INTERROGATORY NO. 2**      For each liability insurance policy that you had in place at the time of the Subject Collision, state the name of insurer; the policy number; the limits of coverage; the name(s) of all insureds; and whether any insurer has offered a defense under a reservation of rights or otherwise contested coverage for the subject case. Please note that this interrogatory is requesting information relating to ALL insurance coverage including excess coverage. Please provide the weight of the subject truck at the time of the Subject Collision.

**INTERROGATORY NO. 3**    Explain the relationship between Defendant CAROLINA TANK LINES and Defendant Driver GRISSOM at the time of the Subject Collision including her employment status (e.g., leased driver, company driver, etc.), how she was compensated for driving (e.g., by the hour, by the load, by the mile, salary, or other) and when the relationship began and ended.

**INTERROGATORY NO. 4**    If you maintain that Defendant Driver GRISSOM  was not acting within the course and scope of her employment or agency at the time of the Subject Collision, explain the basis for your contention and identify documents and witnesses that support your contention.

**INTERROGATORY NO. 5**    Identify and explain all communications of any kind between Defendant Driver GRISSOM and anyone acting for or on behalf of Defendant CAROLINA TANK LINES during the twenty-four (24) hours <u>before</u> and <u>after</u> the Subject Collision. For each communication, identify the method of communication (cell phone, QualComm, other), time of communication, persons involved, and the general subject.

**INTERROGATORY NO. 6**    Identify all Defendant CAROLINA TANK LINES' policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions that were in effect for Defendant Driver GRISSOM at the time of the Subject Collision, that dealt with or addressed defensive and/or safe driving practices and procedures.

**INTERROGATORY NO. 7**    Identify all Defendant CAROLINA TANK LINES' policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions and training applicable to Defendant Driver GRISSOM regarding safe and defensive driving practices and procedures.

**INTERROGATORY NO. 8**    Describe in detail when and how you first became aware that Defendant Driver GRISSOM was involved in the Subject Collision including in your answer the

identity of all persons involved in the investigation of the Subject Collision, their role and position and what information was conveyed.

**INTERROGATORY NO. 9**    State whether you maintain that either Plaintiff or any non-party has any responsibility of any kind for causing the CAROLINA TANK LINES and/or the damages alleged in the Complaint and provide a detailed description of the basis for your position, including the identity of all person(s) who have any knowledge regarding this issue and/or all documents evidencing your position.

**INTERROGATORY NO. 10**   Identify all persons who to your knowledge were present at the scene of the Subject Collision at any time in the forty-eight (48) hours after the Subject Collision and explain their role, why they were at the scene and what actions they took.

**INTERROGATORY NO. 11**   Identify all person(s) who you to your knowledge have or may have any relevant information regarding: the Subject Collision; the facts leading up to the Subject Collision; the investigation of the Subject Collision; any party to this action; any vehicles involved in the Subject Collision; and/or any claims or defenses raised in this action.  The purpose of this Interrogatory is to identify all witnesses whom Defendant CAROLINA TANK LINES believes may have relevant testimony of any kind in connection with this case.

**INTERROGATORY NO. 12**    Identify all photographs, motion pictures, maps, plats, drawings, diagrams, videotapes, or other tangible or documentary evidence depicting the scene of the Subject Collision and/or any person or vehicle involved in the Subject Collision.

**INTERROGATORY NO. 13**   Please identify all mechanical defects in your truck that caused in whole or in part your driver to lose control of the truck and/or the collision described in the Complaint, as well as all documents evidencing the existence of such defect(s) and/or the repair of such defects.

**INTERROGATORY NO. 14**   Please identify all person(s) who have any knowledge or information concerning the inspection, maintenance and repair of the truck involved in the collision described in the Complaint, as well as all documents evidencing inspections, maintenance and repair of the subject truck.

**INTERROGATORY NO. 15**   Did Defendant CAROLINA TANK LINES make any effort to perform any accident review, any avoidable/non-avoidable accident determination, any root cause analysis, any DOT reportability determination or any type of investigation or analysis to discover the cause(s) or contributing cause(s) of the Subject Collision and/or to evaluate whether your driver should be disciplined for any action or inactions related to the Subject Collision? If so, please identify all person(s) involved, all documents and information reviewed, and all determinations.

**INTERROGATORY NO. 16**   Identify each person Defendant CAROLINA TANK LINES expects to call as an expert witness at trial including in your response a summary of each opinion the expert holds in regards to this case, the factual basis for each such opinion, a list of all documents and evidence of any kind provided to the expert for review and a list of all documents and evidence of any kind that support each opinion.

**INTERROGATORY NO. 17**   Identify each person who was involved in responding to each of the Requests for Admission served upon you in this civil action.

**INTERROGATORY NO. 18**   Identify each person who provided information to the person verifying these interrogatory responses to be used or potentially used in answering the interrogatories.

**INTERROGATORY NO. 19**   For each of Plaintiff's First Request for Admissions to Defendant CAROLINA TANK LINES that you did not admit without qualification, explain in detail the reason for your refusal to admit and identify all persons and documents that support your response.

Served with the Complaint upon all Defendants.

WITHERITE LAW GROUP, LLC

/s/ R. Sean McEvoy
R. SEAN MCEVOY
GEORGIA STATE BAR NUMBER 490918
*ATTORNEY FOR PLAINTIFF*

600 W. PEACHTREE ST., NW, SUITE 740
ATLANTA, GEORGIA 30308
TELEPHONE:      470-480-7540
FACSIMILE:      470-480-5095
E-MAIL:         sean.mcevoy@witheritelaw.com

⚖ **EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**21-A-1015**

**MAR 19, 2021 04:39 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

**IN THE STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

ARDISELL GASKINS;

     Plaintiff,

v.

GREAT WEST CASUALTY COMPANY,
CAROLINA TANK LINES, INC.;
and TRACI GRISSOM;

     Defendants.

CIVIL ACTION

FILE NO. _____

---

### FIRST COMBINED REQUEST FOR PRODUCTION OF DOCUMENTS AND NOTICE OF TAKING DEPOSITION *DUCES TECUM* OF DEFENDANT CAROLINA TANK LINES, INC. SERVED WITH COMPLAINT

PLEASE TAKE NOTICE that on a date to be agreed upon in the future, commencing at a time and place to be agreed upon by the parties, in this civil action, counsel for plaintiff will take the deposition of the corporate representative(s) designated by CAROLINA TANK LINES, INC. (hereinafter referred to herein as "DEFENDANT MOTOR CARRIER") pursuant to O.C.G.A. § 9-11-30(b)(6) on the subjects listed below. Said deposition will be conducted and shall continue from day to day thereafter until completed.

This deposition will be taken upon oral examination, before an agent authorized by law to take depositions and may also be recorded by video. This deposition will also be taken for all purposes allowed under the Georgia Civil Practice Act. All corporate designees will be deposed, as well, in his or his individual capacity at the deposition.

## Legal Requirement for Designees

Pursuant to O.C.G.A. § 9-11-30(b)(6), MOTOR CARRIER shall designate one or more persons to testify about each of the subject matters or DOCUMENTS described herein. Pursuant to O.C.G.A. § 9-11-30(b)(6), MOTOR CARRIER  shall designate one or more officers, directors, or managing agents, or other persons who consent to do so, to testify on its behalf, and MOTOR CARRIER   may state the matters on which each person designated will testify. Each person so designated by MOTOR CARRIER shall testify about matters known or reasonably available to the organization.

Each person so designated by MOTOR CARRIER shall be prepared by MOTOR CARRIER to testify as to all information known or reasonably available to MOTOR CARRIER <u>collectively</u> regarding the subject matter(s) and/or DOCUMENTS for which they are designed. By producing an unprepared designee, MOTOR CARRIER may be subjecting itself to the imposition of sanctions. So, please govern yourself accordingly.[1]

---

[1] "The [organization] must prepare the designee to the extent matters are reasonably available, whether from DOCUMENTS, past employees, or other sources." *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006) (*citation omitted*). That preparation must enable the designee to "give complete, knowledgeable, and binding answers on behalf of the corporation." *Marker v. Union Fid. Life Ins. Co.*, 125 F.R.D. 121, 126 (M.D.N.C.1989). If the deponent cannot answer questions regarding the designated subject matter, "the corporation has failed to comply with its [Rule 1.310(b)(6)] obligation and may be subject to sanctions . . . ." *King v. Pratt & Whitney, a Div. of United Techs. Corp.*, 161 F.R.D. 475, 476 (S.D. Fla. 1995)."

## Document Production Required

Pursuant to O.C.G.A. §§ 9-11-30(b)(5) and 9-11-34, MOTOR CARRIER  shall produce within forty-five (45) days of the service of this First Combined Request For Production Of Documents To Defendant And Notice Of Taking Videotaped Deposition *Duces Tecum* Of Defendant all responsive DOCUMENTS described herein.

## Definitions

a.  The terms "DOCUMENT" and "DOCUMENTS" are defined broadly to include anything upon which information, data, sound and/or images are contained regardless of media, regardless of how maintained (physically, electronically, or otherwise) and regardless of what it's called. The term includes, but is not limited to, all papers, records, files, correspondence, reports, meeting minutes, memoranda, notes, diaries, notebooks, contracts, agreements, leases, accounts, orders, invoices, statements, bills, checks, vouchers, orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, directives, forms, manuals, journals, electronically stored information, e-mails, e-mail attachments, data sheets, worksheets, statistical compilations, microfilms, computer records (including printouts, files, partitions, hard drives, disks or other magnetic storage media), tapes, photographs (prints, negatives, slides, and electronic), drawings, films, videotapes, pictures, and recordings.  Includes all non-identical copies of DOCUMENTS, all attachments to DOCUMENTS, and both the front and rear of all pages that contain content.

b.  The term "SUBJECT COLLISION" as used herein is defined as the collision at issue in this case and described in the Complaint.

c.  The term "CAROLINA TANK LINES" or "MOTOR CARRIER" as used herein refers to Defendant CAROLINA TANK LINES, INC.

d.  The term "DRIVER" as used herein refers to Defendant TRACI GRISSOM.

## <u>Subject Matters and Documents Requested</u>

The subject matters and DOCUMENTS requested are as follows:

### <u>D<small>EFENDANT</small> CAROLINA TANK LINES, INC.</u>

1.  MOTOR CARRIER'S safety philosophy and mission statements, as such relate to the operation of company vehicles by its employees or agents.

    a.  Produce all DOCUMENTS setting forth this safety philosophy.

2.  What MOTOR CARRIER expects of its employee/agent/independent contractor drivers in connection with safety, honor, integrity, veracity, attitude, and the operation of commercial motor vehicles.

    a.  Produce all DOCUMENTS setting forth what MOTOR CARRIER expects of its employee/agent/independent contractor drivers in connection with safety, defensive driving, honor, integrity, veracity, attitude, and the operation of commercial motor vehicles.

3.  The identity of the MOTOR CARRIER'S safety officer that is responsible for ensuring that MOTOR CARRIER'S employee/agent/independent contractor drivers are properly trained and actually do drive in a reasonably safe manner and defensively when operating over public roadways, as of date of the SUBJECT COLLISION. If you contend there is no "safety officer," please provide the identity of the person in charge of driving safety at the time of the incident made the basis of this lawsuit, and the person in charge of safety's duties at the time.

4.  MOTOR CARRIER'S policies, procedures, practices, guidelines, instructions and expectations for its management and/or employee/agent/independent contractor drivers regarding the following areas and all DOCUMENTS that set forth or explain such policies, procedures, practices, guidelines, instructions and expectations:

    a.  MOTOR CARRIER'S hiring and employment qualifications for those persons who would be driving commercial motor vehicles;
    b.  Driver qualification;
    c.  Driver training;
    d.  Driving practices;
    e.  Defensive driving;
    f.  Supervision of employee/agent/independent contractor drivers;
    g.  Accident investigation, review (e.g., review board) and reporting;
    h.  Accident preventability and/or root cause determinations;
    i.  Employee discipline;
    j.  Employee termination;
    k.  Document retention.
    l.  Produce all such policies, procedures, practices, guidelines, instructions and expectations, including all DOCUMENTS evidencing the same; and
    m.  Produce all DOCUMENTS evidencing or related to the topics described in the foregoing subparts "a" through "k."

**FIRST COMBINED REQUEST FOR PRODUCTION OF DOCUMENTS AND**
**NOTICE OF TAKING DEPOSITION *DUCES TECUM* OF DEFENDANT**
**CAROLINA TANK LINES, INC. SERVED WITH COMPLAINT – Page 4**

5. The relationship (e.g., employee, agent, independent contractor, etc.) between MOTOR CARRIER and DRIVER throughout the time DRIVER worked with MOTOR CARRIER.

   a. Produce all DOCUMENTS evidencing this relationship, including but not limited to contracts, leases or other DOCUMENTS governing the relationship.

6. The manner in which DRIVER was compensated for his work with MOTOR CARRIER.

   a. Produce all DOCUMENTS evidencing payments made to DRIVER, including but not limited to all settlement statements, drayage statements and any other documentation of charges back to DRIVER.

7. DRIVER's job duties, activities and responsibilities while working for MOTOR CARRIER as of the date of the SUBJECT COLLISION.

   a. Produce all DOCUMENTS setting forth DRIVER'S job duties, activities and responsibilities while working for MOTOR CARRIER as of the date of the SUBJECT COLLISION.

8. MOTOR CARRIER'S qualification of DRIVER to operate a vehicle while operating such vehicles over public roadways.

   a. Produce all DOCUMENTS used to qualify DRIVER to operate a commercial motor vehicle for MOTOR CARRIER.

   b. Produce all DOCUMENTS used to qualify DRIVER to drive a commercial motor vehicle for MOTOR CARRIER.

## DEFENDANT DRIVER TRACI GRISSOM

9. DRIVER's medical, physical and psychological condition for the time-period beginning three years before the SUBJECT COLLISION to present. This includes, but is not limited to, any assessment for and treatment for sleep apnea and/or other fatigue related conditions.

   a. Produce all DOCUMENTS evidencing DRIVER'S medical, physical and psychological condition, including but not limited to all medical files, workers compensation files, disability files, and/or drug or alcohol testing files.

10. DRIVER's driving and criminal history for the seven (7) years preceding the SUBJECT COLLISION.

   a. Produce all DOCUMENTS evidencing DRIVER'S driving history and criminal history for the seven (7) years preceding the SUBJECT COLLISION through the present date.

11. All training MOTOR CARRIER provided to DRIVER having anything to do with defensive driving and the reasonably safe operation of commercial motor vehicles over the public roadways.

   a. Produce all DOCUMENTS evidencing the above training, testing to demonstrate that training objectives were met, and/or the successful completion of the above training, as well as supervision in the field showing actual compliance.

   b. Produce all DOCUMENTS and training materials of any kind (presentations, handouts, booklets, books, videos, simulations, tests, answers, answer keys, etc.) that were used in connection with the above training.

12. All supervisory actions, corrective actions, counseling actions, and disciplinary actions of any type ever taken regarding DRIVER, while he has driven for MOTOR CARRIER. This includes all communication between anyone at MOTOR CARRIER and DRIVER regarding any safety related issue or employment related issue. This would also include termination in the event that DRIVER has been terminated.

   a. Produce all DOCUMENTS relating to and/or addressing the above subjects.

## DISPATCH AND ROUTING

13. The trip that DRIVER was on at the time of the Subject Collision:

   a. DRIVER'S intended route and whether he had deviated from that route;
   b. Where DRIVER was coming from and where he was going to at the time of the Subject Collision;
   c. When DRIVER was expected at his next stop (when the Subject Collision occurred) and whether he was on time for his expected next stop;
   d. All stops, pick-ups and deliveries DRIVER made in the 7 days leading up to the date of the Subject Collision; and
   e. Produce a trip related DOCUMENTS, including, without limitation, all bills of lading, dispatch related DOCUMENTS, pick-up and delivery related DOCUMENTS, instructions, routing and trip planning DOCUMENTS, load tracking documents, GPS information, and trip-related communications.

14. All DOCUMENTS typically generated in connection with a given trip and the purpose of each.

   a. For the trip involving the Subject Collision, produce all DOCUMENTS generated in connection with the trip that DRIVER was working at the time of the Subject Collision.

<u>**HOURS OF SERVICE**</u>

15.   All Hours of Service audits of DRIVER:

     a.  MOTOR CARRIER policies, procedures and practices regarding performance of Hours of Service log audits;
     b.  Who performs Hours of Service log audits;
     c.  The types of audits performed;
     d.  Produce all DOCUMENTS used to perform audits and the audits themselves; and
     e.  How audits are used.

16.   DRIVER'S hours of Service for the seven (7) days leading up to and on the date of the

Subject Collision.

     a.  MOTOR CARRIER'S position as to whether DRIVER was compliant with FMCSR Hours of Service regulations at the time of the Subject Collision;

     b.  Produce DRIVER'S Hours of Service logs for the seven (7) days leading up to and including the date of the Subject Collision (Original Logs Requested);

     c.  MOTOR CARRIER'S position regarding whether any of the above-referenced logs contain any errors, omissions, falsifications and/or violations of FMCSR and/or MOTOR CARRIER company policy and if so, an explanation of same;

     d.  What MOTOR CARRIER did to determine whether any of the above-referenced logs contained any errors, omissions, falsifications and or violations and when any such actions were taken;

     e.  Produce DRIVER'S hours of Service for the seven (7) days leading up to and on the date of the Subject Collision;

     f.  Produce all DOCUMENTS used by MOTOR CARRIER to audit the above-referenced logs;

     g.  Produce all DOCUMENTS available to audit the above-referenced logs;

     h.  Produce all DOCUMENTS evidencing and or addressing any audit of the above-referenced logs; and

     i.  Produce all DOCUMENTS addressing errors, omissions, falsifications and/or violations of FMCSR and/or MOTOR CARRIER company policy contained in any of the above-referenced logs.

## EQUIPMENT

17.   Onboard Systems:

   a.   The identification of all systems and devices of any kind that were on the tractor and/or trailer operated by DRIVER at the time of the Subject Collision that are capable of monitoring, capturing, recording, and/or transmitting any data and/or communications (e.g., EOBR; GPS, satellite, cellular and other systems; engine, powertrain and brake control modules; trip or event recorders, lane departure warning systems, communication systems, onboard camera systems, etc.);

   b.   Explanation of how each system and device operates, what data it is capable of monitoring, capturing, recording, and/or transmitting, how such data is stored and retrieved and what reports are capable of being run based upon the data and/or communications;

   c.   The steps taken by anyone to preserve and, if applicable, to download the above-referenced data and communications;

   d.   All persons involved in the process of preserving and/or downloading and/or analyzing the referenced data and communications;

   e.   All data, communications and reports of any kind from each system and device that contains any data, information, depiction and/or communications related to the tractor or trailer at issue within seventy-two (72) hours of the Subject Collision;

   f.   Produce all of the above referenced data and communications and all reports related thereto; and

   g.   Produce all DOCUMENTS showing the purpose, capabilities functionalities, and operation of each such on-board system. including but not limited to all training materials, service contracts, manuals, instructions, and handbooks provided by the vendor supplying each on-board system and all materials created by MOTOR CARRIER regarding the use and operation of each on-board system.

18.   The weight of the truck at the time of the Subject Collision.

   a.   Produce all DOCUMENTS showing same.

19.   The speed of the Tractor-trailer in tow at the time of the Subject Collision.

   a.   Produce all DOCUMENTS showing same.

20.   Whether DRIVER performed a proper pre-trip inspection prior to operating the MOTOR CARRIER Tow Truck on the date of the Subject Collision.

    a.   Produce all pre-trip and post-trip driver inspections of the tractor and trailer involved in the Subject Collision for the thirty (30) days leading up to and including the collision at issue and for the thirty (30) days following the Subject Collision.

21. All mechanical defects in your truck that caused in whole or in part your driver to lose control of the truck and/or the collision described in the complaint, as well as all documents evidencing the existence of such defect(s) and/or the repair of such defects.

    a.   Please produce all documents evidencing any such defects, as well as all inspections, maintenance and repair of the subject truck.

22. Whether MOTOR CARRIER or DRIVER contend that any defect or problem with any of the MOTOR CARRIER equipment (tractor and/or trailer) caused or contributed to cause the Subject Collision and, if so, the nature of the issue, the duration that the issue was a problem, all efforts to correct the issue.

    a.   Produce all DOCUMENTS evidencing the existence of any such defects or problems.

## SUBJECT COLLISION

23. The identity of each employee/agent/independent contractor of MOTOR CARRIER, who came to the scene of the Subject Collision, each such person's position with MOTOR CARRIER, why each such person came to the scene, and what each such person did at the scene, as well as the substance of communications made by each such person and any other person at the scene.

    a.   Produce all DOCUMENTS generated by each employee/agent/independent contractor of MOTOR CARRIER, who came to the scene of the Subject Collision, evidencing the Subject Collision and/or communications made bey each such person and any other person at the scene.

24. The identity of each employee of MOTOR CARRIER, who in the ordinary course of MOTOR CARRIER'S business has been involved in any way in the investigation of the SUBJECT COLLISION, all steps taken by each such person during any such investigation, all evidence, information, and/or facts collected by each such person, the conclusions reached by each such person.

    a.   Produce all DOCUMENTS generated by each such person and/or MOTOR CARRIER concerning the investigation of the SUBJECT COLLISION and conclusions reached regarding the cause and/or contributing factors leading to the same.

25. The identity of each person who communicated with DRIVER regarding the SUBJECT COLLISION.

    a. Produce all DOCUMENTS memorializing or evidencing to each such communication.

26. MOTOR CARRIER'S understandings of how and why the SUBJECT COLLISION occurred; how such could be avoided in the future; all causes of and contributing factors to the SUBJECT COLLISION; and how MOTOR CARRIER reached these understandings, including all investigations, reviews, evaluations, determinations, and actions by any supervisor,  board, group, committee or person(s) concerning preventability, root cause, fault, avoid ability, Dot reportability and/or disciplinary determinations arising from the SUBJECT COLLISION.

    a. Produce all DOCUMENTS evidencing the above.

27. All alcohol and drug tests administered to DRIVER by MOTOR CARRIER at any time, including following the Subject Collison, and the results thereof.

    a. Produce all DOCUMENTS evidencing such tests, results and any corrective or disciplinary actions arising from the same.

### GOVERNMENT INTERACTION

28. Your interactions, communications and filings with the United States Department of Transportation ("USDOT") and/or Federal Motor Carrier Safety Administration ("FMCSA").

    a. Produce all documents and records that you submitted as a part of your application and registration for assignment of a USDOT number;

    b. Produce all submissions made electronically through the USDOT-FMCSA's Unified Registration System;

    c. Produce all Form OP-1s that you have submitted to the USDOT-FMCSA;

    d. Produce all Form MCS-150s that you have submitted to the USDOT-FMCSA;

    e. Produce all evidence of financial responsibility that you have filed with the USDOT – FMCSA; and

    f. Produce all Form BOC-3s that you have submitted to the USDOT-FMCSA's;

29. Your interactions, communications and filings with the State of Georgia's Department of Public Safety.

   a. Produce all documents and records that by the Georgia Department of Public Safety Motor Carrier Compliance Division maintains concerning CAROLINA TANK LINES INC;

   b. All Georgia Intrastate Motor Carrier (GIMC) documents and records maintained by the Georgia Department of Public Safety Motor Carrier concerning *CAROLINA TANK LINES, INC;*

   c. All documents evidencing *CAROLINA TANK LINES, INC.'s* authority to operate in Georgia as an interstate motor carrier;

   d. All safety inspections, safety audits, compliance reviews and enforcement actions of any kind taken with regard to CAROLINA TANK LINES, INC.  by the Georgia Department of Public Safety and/or its Motor Carrier Compliance Division and/or predecessor Departments or Agencies for the past seven (7) years;

   e. All safety inspections of CAROLINA TANK LINES, INC.  tractor-trailers including highway shipment documents and materials performed by the Georgia Department of Public Safety Motor Carrier Compliance Division for the past seven (7) years or of MOTOR CARRIER, who came to the scene of the Subject Collision, each such person's position with MOTOR CARRIER, why each such person came to the scene, and what each such person did at the scene, as well as the substance of communications made by each such person and any other person at the scene.

### INSURANCE COVERAGE

30. Insurance coverage available for the claimed losses sustained in this case (including self-insured retentions, deductibles, and all primary, umbrella and excess coverages) and all reservation of rights letters sent by any insurer to MOTOR CARRIER and/or DRIVER   in connection with the SUBJECT COLLISION.

   a. Produce all DOCUMENTS evidencing such coverage and limits of coverage.

## DOCUMENT PRODUCTION

31. The purpose and process for the receipt, creation, duplication, and/or storage of the documents responsive to the Request for Production made a part of this Notice of Taking Videotaped Deposition of Defendant MOTOR CARRIER.

32. All retention and destruction policies and procedures applicable to the documents and/or data responsive to the Request for Production made a part of this Notice of Taking Videotaped Deposition of Defendant MOTOR CARRIER.

33. The efforts undertaken by MOTOR CARRIER   to ensure that all DOCUMENTS responsive to the Request for Production made a part of this Notice of Taking Videotaped Deposition of Defendant MOTOR CARRIER are complete and that all responsive DOCUMENTS have been produced as well as a full and complete explanation as to why any document was not fully produced and/or was withheld from production.

## MISCELLANEOUS

34. The factual basis for the affirmative defenses asserted by MOTOR CARRIER in this case and the identification of all persons and/or documents possessing information or knowledge supporting each such affirmative defense.

    a.  For each such affirmative defense, produce all DOCUMENTS evidencing support of such affirmative defense.

35. The factual basis for each denial asserted in response to the request for admission served upon you in this case and the identification of all persons and/or documents possessing information or knowledge supporting each such denial.

    a.  For each such affirmative defense, produce all DOCUMENTS evidencing support of such denial.

36. For every request for admission that you were unable to admit or deny, the investigation and/or inquiry that you undertook to determine whether the admission should be admitted or denied by MOTOR CARRIER in this case and the identification of all persons who participated in the investigation or inquiry, including the person(s) making the investigation and inquiry and the identify of each persons that were contacted along with the identify of each request, about which they were contacted...

    a.  For each such investigation or inquiry, identify and each persons to who you made any such inquiry and produce all DOCUMENTS evidencing each such investigation and/or inquiry, including but not limited to internal memorandums, emails and/or communications.

Served with the Complaint upon all Defendants.

WITHERITE LAW GROUP, LLC

/s/ R. Sean McEvoy
R. SEAN MCEVOY
GEORGIA STATE BAR NUMBER 490918
*ATTORNEY FOR PLAINTIFF*

600 W. PEACHTREE ST., NW, SUITE 740
ATLANTA, GEORGIA 30308
TELEPHONE:     470-480-7540
FACSIMILE:     470-480-5095
E-MAIL:          sean.mcevoy@witheritelaw.com

# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER  <u>21-A-1015</u>

$198.00 COST PAID

Gaskins, Ardisell

_____

**PLAINTIFF**

**VS.**

Carolina Tank Lines, INC.
Great West Casualty Company
Grissom, Traci

_____

**DEFENDANTS**

**SUMMONS**

TO: CAROLINA TANK LINES, INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Robert S McEvoy**
> **Witherite Law Group**
> **600 West Peachtree Street NW**
> **Suite 740**
> **Atlanta, Georgia 30308**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If this action pertains to a Protective Order, the Answer is to be filed and served on or before the scheduled hearing date attached. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 22nd day of March, 2021.**

Clerk of State Court



Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

12 East Park Square, Marietta, Georgia 30090-9630
(770) 528-1220 Building B, First Floor-Civil Division

Page 1 of 1

# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER  <u>21-A-1015</u>

$198.00 COST PAID

Gaskins, Ardisell

_____
**PLAINTIFF**

**VS.**

Carolina Tank Lines, INC.
Great West Casualty Company
Grissom, Traci

_____
**DEFENDANTS**

**SUMMONS**

TO: GREAT WEST CASUALTY COMPANY

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Robert S McEvoy**
> **Witherite Law Group**
> **600 West Peachtree Street NW**
> **Suite 740**
> **Atlanta, Georgia 30308**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If this action pertains to a Protective Order, the Answer is to be filed and served on or before the scheduled hearing date attached. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 22nd day of March, 2021.**

Clerk of State Court



Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

12 East Park Square, Marietta, Georgia 30090-9630
(770) 528-1220 Building B, First Floor-Civil Division

# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER  <u>21-A-1015</u>

$198.00 COST PAID

Gaskins, Ardisell

_____

**PLAINTIFF**

**VS.**

Carolina Tank Lines, INC.
Great West Casualty Company
Grissom, Traci

_____

**DEFENDANTS**

**SUMMONS**

TO: GRISSOM, TRACI

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Robert S McEvoy**
> **Witherite Law Group**
> **600 West Peachtree Street NW**
> **Suite 740**
> **Atlanta, Georgia 30308**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If this action pertains to a Protective Order, the Answer is to be filed and served on or before the scheduled hearing date attached. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 22nd day of March, 2021.**

Clerk of State Court



Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

12 East Park Square, Marietta, Georgia 30090-9630
(770) 528-1220 Building B, First Floor-Civil Division

Page 1 of 1

**General Civil and Domestic Relations Case Filing Information Form**

⊕ **EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

☐ **Superior** or ☑ **State Court of** __Cobb_____ **County**

**21-A-1015**

MAR 19, 2021 04:39 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

| **For Clerk Use Only** | |
|---|---|
| **Date Filed** 03-19-2021 | **Case Number** 21-A-1015 |
| **MM-DD-YYYY** | |

**Plaintiff(s)**

Gaskins, Ardisell

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

Carolina Tank Lines, INC.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Great West Casualty Company

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Grissom, Traci

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** McEvoy, Robert S     **Bar Number** 490918     **Self-Represented** ☐

**Check one case type and, if applicable, one sub-type in one box.**

**General Civil Cases**

- ☑ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____        _____
**Case Number**                          **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

Version 1.1.20

**AFFIDAVIT OF SERVICE**

EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

21-A-1015

MAR 25, 2021 12:15 PM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

| Case:<br>21-A-1015 | Court:<br>Cobb County State Court, State of Georgia | County:<br>Cobb, GA | Job:<br>5483620 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>Ardisell Gaskins | | Defendant / Respondent:<br>Carolina Tank Lines INC., Great West Casualty, Grissom | |
| Received by:<br>Chilton Gibbs and Associates, LLC | | For:<br>Witherite Law Group, LLC | |
| To be served upon:<br>Great West Casualty Company c/o Corporation Service Company, Registered Agent | | | |

I, Thomas David Gibbs III, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

| Recipient Name / Address: | Alisha Smith, 2 Sun Court suite 400, Peachtree Corners, GA 30092-2906 |
|---|---|
| Manner of Service: | Registered Agent, Mar 23, 2021, 12:21 pm EDT |
| Documents: | Summons, Complaint For Damages (Received Mar 22, 2021 at 10:41am EDT) |

Additional Comments:
1) Successful Attempt: Mar 23, 2021, 12:21 pm EDT at 2 Sun Court suite 400, Peachtree Corners, GA 30092-2906 received by Alisha Smith.
CSC Coordinator

Thomas David Gibbs III                 3/24/21
                                       Date

Chilton Gibbs and Associates, LLC
723 Main Street
Stone Mountain, GA 30083
404-368-3049

Subscribed and sworn to before me by the affiant who is personally known to me.

Notary Public

3/24/21          12/23/2024
Date             Commission Expires



## IN THE STATE COURT OF COBB COUNTY

### STATE OF GEORGIA

**THOMAS DAVID GIBBS III**                    )

Petitioner                                    )

                                              )

                                              )

### ORDER FOR APPOINTMENT AS

### PERMANENT PROCESS SERVER

The Petition for Appointment of THOMAS DAVID GIBBS III for Permanent Process Server having been read and considered, and the Applicant's background having been reviewed by the Superior Court of Cobb County and the applicant having been appointed pursuant to O.C.G.A 9-11-4. C,

IT IS HEREBY ORDERED; That THOMAS DAVID GIBBS III shall be, and hereby is appointed Process Server for matters pertaining to this Court, through December 31, 2021, subject to revocation for good cause shown.

A copy of this Order must be attached to any Return of Service to be filed.

This _12th_ day of _Jan_____, 2021

_Allison Bamerbach_

Judge, Cobb State Court

$10 cost paid
1-12-21
SCST 730673

**AFFIDAVIT OF SERVICE**

EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

21-A-1015

MAR 29, 2021 10:12 AM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

| Case: | Court: | County: | Job: |
|---|---|---|---|
| 21-A-1015 | Cobb County State Court, State of Georgia | Cobb, GA | 5483620 |

| Plaintiff / Petitioner: | Defendant / Respondent: |
|---|---|
| Ardisell Gaskins | Carolina Tank Lines INC., Great West Casualty, Traci Grissom |

| Received by: | For: |
|---|---|
| Chilton Gibbs and Associates, LLC | Witherite Law Group, LLC |

| To be served upon: |
|---|
| Traci Grissom |

I, David Farrow, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

| | |
|---|---|
| Recipient Name / Address: | Mr Bell, 2979 280th St, Branford, FL 32008-2141 |
| Manner of Service: | Substitute Service - Abode, Mar 27, 2021, 11:45 am EDT |
| Documents: | Summons, Complaint For Damages, Plaintiff's First Combined Set Of Written Discovery To Defendant Truck Driver Traci Grissom Served With The Complaint (Received Mar 22, 2021 at 10:41am EDT) |

**Additional Comments:**
1) Successful Attempt: Mar 27, 2021, 11:45 am EDT at 2979 280th St, Branford, FL 32008-2141 received by Mr Bell. Age: 60-65; Ethnicity: Caucasian; Gender: Male; Weight: 185; Height: 5'8"; Hair: White; Relationship: Father;
The defendant's father stated that the defendant was not home. He confirmed that both he and the defendant lived at this address and accepted service on behalf of the defendant.

Subscribed and sworn to before me by the affiant who is personally known to me.

| David Farrow | 3/28/ | Notary Public | 3/28/21 | 9/27/24 |
|---|---|---|---|---|
| | Date | | Date | Commission Expires |

THOMAS DAVID GIBBS
NOTARY PUBLIC
GWINNETT COUNTY, GEORGIA
My Commission Expires 9-27-2024

Chilton Gibbs and Associates, LLC
723 Main Street
Stone Mountain, GA 30083
404-368-3049

## AFFIDAVIT OF SERVICE

EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**21-A-1015**

APR 06, 2021 01:06 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

| Case:<br>21-A-1015 | Court:<br>Cobb County State Court, State of Georgia | County:<br>Cobb, GA | Job:<br>5483620 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>Ardisell Gaskins | | Defendant / Respondent:<br>Carolina Tank Lines INC., Great West Casualty Company and Traci Grissom | |
| Received by:<br>Chilton Gibbs and Associates, LLC | | For:<br>Witherite Law Group, LLC | |
| To be served upon:<br>Carolina Tank Lines INC c/o Cody B Gillies, Registered Agent | | | |

I, Thomas David Gibbs III, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   Katherine Hoyt, 5704 Veterans Pkwy, Columbus, GA 31904-9004

**Manner of Service:**   Registered Agent, Mar 29, 2021, 3:18 pm EDT

**Documents:**   Summons, Complaint For Damages, Plaintiff's First Combined Set Of Written Discovery To Defendant Truck Driver Traci Grissom Served With The Complaint, Plaintiff's First Combined Interrogatories And Requests For Admissions Served With The Complaint To Defendant Carolina Tank Lines, Inc., First Combined Request For Production Of Documents And Notice Of Taking Deposition Duces Tecum Of Defendant Carolina Tank Lines, Inc. Served With Complaint (Received Mar 22, 2021 at 10:41am EDT)

**Additional Comments:**
1) Successful Attempt: Mar 29, 2021, 3:18 pm EDT at 5704 Veterans Pkwy, Columbus, GA 31904-9004 received by Katherine Hoyt. Age: 40-45; Ethnicity: Caucasian; Gender: Female; Weight: 115; Height: 5'4"; Hair: Blond;

_____   4/5/21
Thomas David Gibbs III   Date

Subscribed and sworn to before me by the affiant who is personally known to me.

Notary Public

4/5/21                    12/27/2024
Date                    Commission Expires

Chilton Gibbs and Associates, LLC
723 Main Street
Stone Mountain, GA 30083
404-368-3049

AMMY MERAZ
NOTARY
PUBLIC
DEKALB COUNTY, GEORGIA

IN THE STATE COURT OF COBB COUNTY

STATE OF GEORGIA

|  |  |
|---|---|
| | ) |
| **THOMAS DAVID GIBBS III** | ) |
| Petitioner | ) |
| | ) |
| | ) |

**ORDER FOR APPOINTMENT AS**

**PERMANENT PROCESS SERVER**

The Petition for Appointment of THOMAS DAVID GIBBS III for Permanent Process Server having been read and considered, and the Applicant's background having been reviewed by the Superior Court of Cobb County and the applicant having been appointed pursuant to O.C.G.A 9-11-4. C,

IT IS HEREBY ORDERED; That THOMAS DAVID GIBBS III shall be, and hereby is appointed Process Server for matters pertaining to this Court, through December 31, 2021,  subject to revocation for good cause shown.

A copy of this Order must be attached to any Return of Service to be filed.

This _12th_ day of ___Jan___, 2021

_Allison Bannerback_

Judge, Cobb State Court

$10 Cost paid

1-12-21

SCST 730673